UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEFFIER SAVARY,<br><br>        Plaintiff,<br><br>   v.<br><br>T. TOWLE and A. JAIME,<br><br>        Defendants. | Case No. 1:18-cv-01305-DAD-EPG (PC)<br><br>ORDER FOLLOWING INITIAL SCHEDULING CONFERENCE<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF ORDER REQUIRING INITIAL DISCLOSURES (ECF NO. 20) |

    Keffier Savary ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 17, 2019, the Court held an Initial Scheduling Conference ("Conference"). Plaintiff telephonically appeared on his own behalf. Counsel Joseph Wheeler telephonically appeared on behalf of Defendants.

    During the Conference, the Court and the parties discussed relevant documents in this case and their possible locations. In addition to opening discovery generally, the Court ordered that certain documents that are central to the dispute be promptly produced.

    Therefore, in an effort to secure the just, speedy, and inexpensive disposition of this action,[1] and after consideration of Federal Rule of Civil Procedure 26(b)(1),[2] IT IS ORDERED[3]

---

[1] *See*, *e.g.*, *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008) ("We begin with the principle that the district court is charged with effectuating the speedy and orderly administration of justice. There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are

1

that:

1. Plaintiff has thirty days from the date of service of this order to serve Defendants with his initial disclosures, as previously ordered (ECF No. 20).

2. The Clerk of Court is directed to send Plaintiff a copy of the order requiring initial disclosures (ECF No. 20).

3. To the extent Defendants withheld under the official information privilege witness statements and/or evidence gathered in investigation(s) into the incident alleged in the complaint, Defendants shall provide those documents to the Court for *in camera* review within thirty days from the date of service of this order.[4] Defendants may file and serve a brief containing arguments and information they want the Court to consider when ruling on whether the documents should be produced to Plaintiff.[5]

///

///

---

identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly.").
  [2] Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Ibid*.
  [3] Pursuant to Federal Rule of Civil Procedure 16, "[a]t any pretrial conference, the court may consider and take appropriate action on the following matters: . . . controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37" and "facilitating in other ways the just, speedy, and inexpensive disposition of the action." Fed. R. Civ. P. 16(c)(2)(F). *See also Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."). Federal Rule of Civil Procedure 16 vests the district court with early control over cases "toward a process of judicial management that embraces the entire pretrial phase, especially motions and discovery." *In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) (affirming district court's requiring that prison officials prepare a *Martinez* report to give detailed factual information involving a prisoner's suit under 42 U.S.C. § 1983 and stating "district courts have wide latitude in controlling discovery."). *See also* Advisory Committee Notes to 1993 Amendment to Federal Rules of Civil Procedure regarding Rule 26(a) ("The enumeration in Rule 26(a) of items to be disclosed does not prevent a court from requiring by order or local rule that the parties disclosed additional information without a discovery request.").
  [4] Defendants may mail the documents to the Court or email the documents to epgorders@caed.uscourts.gov.
  [5] If there is confidential information that Defendants want the Court to consider in relation to the *in camera* review, Defendants may submit that information to the Court *in camera*.

2

If Defendants submit documents for *in camera* review, after submitting the documents Defendants shall file and serve a notice of compliance with this order.

IT IS SO ORDERED.

Dated: **June 18, 2019**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE