# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEFFIER SAVARY,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>T. TOWLE and A. JAIME,<br><br>　　　　　　　　　　　Defendants. | Case No. 1:18-cv-01305-DAD-EPG (PC)<br><br>ORDER RE: DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER TO EXTEND THE DEADLINE TO FILE DISPOSITIVE MOTIONS<br><br>(ECF NO. 44) |

On June 20, 2019, the Court issued a scheduling order. (ECF No. 27). The Court gave Defendants until October 18, 2019, to file a summary judgment motion based on exhaustion, and the parties until January 31, 2020, to file any other dispositive motions. On October 18, 2019, Defendants filed a motion for summary judgment based on exhaustion and the statute of limitations. (ECF No. 36). On January 17, 2020, Defendants filed a motion to modify the scheduling order to extend the dispositive motion deadline from January 31, 2020, to July 31, 2020. (ECF No. 44). Defendants' motion to modify is now before the Court.

Defendants' motion will be denied. In setting the schedule, the Court gave less than four months between the exhaustion motion deadline and the dispositive motion deadline. When the Court set these deadlines, there was always a strong chance that Defendants' motion for summary judgment based on exhaustion would not be resolved prior to the dispositive motion deadline. The Court will have to issue findings and recommendations on the motion, which will then go to

1

the District Judge for de novo review.  Additionally, the Court has reviewed Defendants' motion, and it is not a simple one.  In the event that Defendants' motion for summary judgment on exhaustion is denied, or an evidentiary hearing is required, Plaintiff will be substantially prejudiced by granting Defendants' request.

While the Court strives to resolve motions for summary judgment based on exhaustion as early as feasible, there is no requirement that other deadlines be extended or stayed while the exhaustion issue is resolved.

Thus, the Court will deny Defendants' motion to modify.  However, as the dispositive motion deadline is less than two weeks away, the Court will give Defendants a brief extension to file a dispositive motion on the merits.

Accordingly, IT IS ORDERED that:

1. Defendants' motion to modify the scheduling order to extend the dispositive motion deadline is DENIED; and
2. Defendants have thirty days from the date of service of this order to file a dispositive motion on the merits.

IT IS SO ORDERED.

Dated:   **January 21, 2020**          /s/ Erin P. Gross
                                       UNITED STATES MAGISTRATE JUDGE