1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEFFIER SAVARY,<br><br>          Plaintiff,<br><br>     v.<br><br>T. TOWLE, et al.,<br><br>          Defendants. | Case No. 1:18-cv-01305-DAD-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY GRANTED**<br><br>**(ECF No. 47)**<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

18

**I.     INTRODUCTION**

19

20

21

22

23

24

25

          Keffier Savary ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation, is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case proceeds on Plaintiff's original complaint (ECF No. 1), on claims against Defendants T. Towle and A. Jaime for excessive force and failure to protect, respectively, in violation of the Eighth Amendment.  (ECF No. 13).  These claims stem from an incident where Defendant Towle pepper-sprayed Plaintiff in his cell while Defendant Jaime watched.

26

27

28

          On February 21, 2020, Defendants filed a motion for summary judgment arguing that the undisputed facts establish that they are not liable, and alternatively, that they are entitled to qualified immunity.  (ECF No. 47).  After obtaining an extension of time (ECF No. 49),

Plaintiff filed his opposition on March 30, 2020 (ECF No. 50).  Defendants filed their reply on April 6, 2020.  (ECF No. 51).

The Court has reviewed all submissions and recommends granting Defendants' motion for summary judgment because the undisputed facts demonstrate that Defendants are not liable for the claims against them under the applicable legal standards.

## II.     LEGAL STANDARDS

### a.  Legal Standards for Summary Judgment

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Albino v. Baca ("Albino II"), 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) ("If there is a genuine dispute about material facts, summary judgment will not be granted.").  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 322.  Additionally, "[a] summary judgment motion

cannot be defeated by relying solely on conclusory allegations unsupported by factual data." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record … from which a reasonable inference … may be drawn…"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed…." Anderson, 477 U.S. at 255. Moreover, the Court must liberally construe Plaintiff's filings because he is a prisoner proceeding *pro se* in this action. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

### b.  Legal Standards for Excessive Force

Plaintiff's complaint asserts a claim for excessive force in violation of the Eighth Amendment against Defendant Towle.

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not … use excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be

3

evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9.

### c.  Legal Standards for Failure to Protect

Plaintiff's complaint asserts a claim against Defendant A. Jaime for failure to protect in violation of the Eighth Amendment.

To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "'Deliberate indifference' has both subjective and objective components."  Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate ... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference."  Farmer, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'"  Labatad, 714 F.3d at 1160 (quoting Farmer, 511 U.S. at 847).

### III.  UNDISPUTED FACTS

The Court has carefully reviewed the parties' submissions including separate statements of undisputed facts, supporting declarations, deposition testimony, and statements in the parties' briefs.  Although Plaintiff disputes many facts asserted in Defendants' motion, the following facts are undisputed:

- It is a violation of CDCR regulations for an inmate to possess a cellular phone, which is considered dangerous property.  15 Cal. Code Regs. § 3006(a).
- On December 24, 2013, Defendant Towle and Jaime came to Plaintiff's cell, believing that Plaintiff may be in possession of an illegal cell phone.  (ECF No. 47-2, at p. 2; ECF No. 50, at p. 11).
- Plaintiff was in possession of a cell phone.  (ECF No. 47-2, at p. 2; ECF No. 50,

at p. 3).

- When Defendants arrived, Defendant Towle ordered Plaintiff to exit his cell. (ECF No. 47-2, at p. 2; ECF No. 50, at p. 11).

- Plaintiff's cell mate exited the cell.  Plaintiff did not exit his cell.  (ECF No. 50, at p. 11).[1]

- Plaintiff turned his back on Defendants.  (ECF No. 47-2, at p. 2; ECF No. 50, at p. 3).

- Plaintiff put his hand into his crotch area, under the jockstrap where the phone was, and started to bend the phone and break it with his hand and leg, all while concealing the phone and facing away so Plaintiff could break it without Defendants realizing what he was doing.  (ECF No. 50, at p. 11).

- Defendant Towle pepper-sprayed Plaintiff after Plaintiff had turned away and put his hands in his pants to break the phone.  (ECF No. 50, at p. 12).

Additionally, Plaintiff has asserted the following facts, that may be relevant to this motion.  Defendants dispute these facts, but for purposes of considering Defendants' motion for summary judgment, the Court takes all of Plaintiff's evidence as true:

- Plaintiff informed Defendants that he had asthma, to which one defendant replied "I don't care" or "too bad for you," something to that effect.  (ECF No. 50, at p. 11).

- Plaintiff was facing away from Defendants at all relevant times.  (ECF No. 50, at p. 11).

- Defendants were approximately nine feet away from Plaintiff.  Plaintiff was inside his cell and Defendants were outside the cell.  (ECF No. 50, at p. 11).

- Plaintiff has no history of violence against staff in his file.  Plaintiff made no sudden moves toward Defendants.  (ECF No. 50, at p. 11).

- "[T]he c/o kept spraying for a while, until my clothes and floor was soaked.

---

[1] Plaintiff claims that his cellmate was already on the floor and was able to dress and exit quickly.  (ECF No. 50, at p. 11).

5

1   Seems like he emptied the entire canister on me."  (ECF No. 50, at p. 12).

2   • Defendant Towle had unholstered his spray before he came to the cell.  (ECF

3   No. 50, at p. 12).

## IV.   APPLICATION OF LEGAL STANDARDS TO UNDISPUTED FACTS

The Court recommends granting Defendants' motion for summary judgment because, based on the undisputed facts, Defendants are not liable for excessive force and failure to protect in violation of the Eighth Amendment under the legal standards for those claims.

To establish that a prison official used excessive force, an inmate must prove that the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline."  Hudson, 503 U.S. at 7; see also Whitley, 475 U.S. at 320-321 ("Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.") (citation and internal quotation marks omitted).

The U.S. Supreme Court has further explained:

"Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S., at 547, 99 S.Ct., at 1878. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

6

Whitley, 475 U.S. at 321–322 (alteration in original).

Here, the Court finds that the evidence, viewed in the light most favorable to the plaintiff, does not support a reliable inference of wantonness in the infliction of pain.  It is undisputed that Defendants approached Plaintiff's cell because they suspected he had a cellular phone.  Defendant Towle gave Plaintiff a direct order to exist the cell.  Plaintiff disobeyed that direct order and stayed in his cell.  Plaintiff turned his back toward Defendants.  Even under Plaintiff's best interpretation of the facts, Defendants could not see what he was doing with his hands.  Defendant Towle only used pepper spray after these events, including Plaintiff disobeying a direct order and turning his back on Defendants.  Neither defendant used any other force.

Plaintiff makes several arguments as to different paths Defendants could have taken. Plaintiff argues that Defendant Towle could have waited longer, or given more orders, or used less pepper spray.  The Court finds that these arguments amount to merely a "dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives." Whitley, 475 U.S. at 322.

Although the Court relies on Supreme Court guidance for this motion, it notes that Defendants cite numerous cases that come to a similar conclusion.[2]

Finally, because Plaintiff failed to submit evidence from which a fair-minded jury could reasonably find that Defendant Towle used excessive force against him, summary judgment is

---

[2] (ECF No. 47-1, at p. 7) ("Rodriguez v. Elmore, 407 F. App'x 124, 126 (9th Cir. 2010) (holding that summary judgment for defendants was proper when they used pepper spray against inmates who repeatedly refused to comply with orders to exit their cell); Eccleston v. Oregon ex rel. Oregon Dept. of Corrections, 168 F. App'x 760 (9th Cir. 2006) (finding that use of a chemical agent to extract prisoner from cell did not constitute cruel and unusual punishment where evidence demonstrated that prisoner repeatedly did not follow orders to leave his cell); Kelley v. Herrera, No. 2:16-cv-01894 JAM CKD P, 2018 WL 3476442, at *6 (E.D. Cal. July 17, 2018), report and recommendation adopted, No. 2:16-cv-1894 JAM CKD P, 2018 WL 9651052 (E.D. Cal. Oct. 24, 2018), aff'd, 785 F. App'x 502 (9th Cir. 2019) (granting summary judgment in favor of correctional officer who pepper sprayed an inmate who remained standing despite repeated orders to get down); Burnell v. Gonzalez, No. 1:10-CV-00049-LJO-BAM, 2012 WL 3276967, at *15 (E.D. Cal. Aug. 9, 2012), report and recommendation adopted, No. 1:10-cv-00049-LJO-BAM, 2012 WL 4468738 (E.D. Cal. Sept. 27, 2012) (granting summary judgment in favor of correctional officer who employed pepper spray against an inmate who refused orders to move away from the food port); Horne v. Rutledge, No. C 08-01387 SBA (PR), 2009 WL 10700920, at *5 (N.D. Cal. Sept. 30, 2009), aff'd, 398 F. App'x 264 (9th Cir. 2010) (granting summary judgment in favor of correctional officer who pepper sprayed an inmate after he repeatedly refused to comply with orders to cease holding his blanket up to the cell door).").

also proper regarding Plaintiff's claim that Defendant Jaime failed to protect him from the use of excessive force.

## V.      RECOMMENDATIONS

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1.      Defendants' motion for summary judgment (ECF No. 47) be granted;

2.      Judgment be entered in favor of Defendants;

3.      All other outstanding motions be denied as moot; and

4.      The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 27, 2020**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE