1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   KEFFIER SAVARY,                    No.  1:18-cv-01305-DAD-EPG (PC)

12              Plaintiff,

13        v.                            ORDER ADOPTING FINDINGS AND
                                        RECOMMENDATIONS
14   T. TOWLE and A. JAIME,
                                        (Doc. No. 52)
15              Defendants.

16

17        Plaintiff Keffier Savary is a state prisoner proceeding *pro se* and *in forma pauperis* in this

18   civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This case proceeds

20   on plaintiff's Eighth Amendment claims against defendants T. Towle and A. Jaime for excessive

21   use of force and failure to protect.  (Doc. Nos. 1, 13.)

22        On April 27, 2020, the assigned magistrate judge issued findings and recommendations

23   recommending that defendants' motion for summary judgment (Doc. No. 47) be granted.[1]  (Doc.

24   No. 52.)  Specifically, the magistrate judge found that the undisputed evidence before the court on

25   summary judgment established that:  (1) defendant Towle justifiably pepper-sprayed plaintiff and

26   

[1]  Defendants filed a separate motion for summary judgment, arguing that plaintiff failed to
27   properly exhaust his administrative remedies prior to filing suit as required and that this action is
     time barred.  (Doc. No. 36.)  That motion will be denied as having been rendered moot by the
28   issuance of this order.

1

1   therefore did not use excessive force in violation of plaintiff's Eighth Amendment rights; and

2   (2) because defendant Towle did not use excessive force, defendant Jaime did not fail to protect

3   plaintiff from that alleged use of excessive force in violation of plaintiff's Eighth Amendment

4   rights.  (*Id.* 4–8.)  On May 13, 2020, plaintiff timely filed his objections to the findings and

5   recommendations.  (Doc. No. 53.)

6       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

7   *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

8   objections, the court finds the findings and recommendations to be supported by the record and

9   by proper analysis.

10      Plaintiff's objections do not meaningfully dispute the magistrate judge's findings that the

11   undisputed evidence before the court on summary judgment establishes that defendants are

12   entitled to summary judgment in their favor with respect to his Eighth Amendment claim for

13   excessive force against defendant Towle and his failure to protect against defendant Jaime.  In his

14   objections, plaintiff merely reiterates the same arguments the magistrate judge rejected as

15   unsupported by the evidence in the pending findings and recommendations.  (Doc. No. 53 at 1–6.)

16   Although plaintiff argues that he presented no physical threat to defendants and that defendant

17   Towle could have used other methods to get him to comply with defendants' orders, plaintiff does

18   not dispute, and in fact conceded in his opposition to defendants' motion for summary judgment,

19   that:  defendants came to his cell believing he might be in possession of an illegal cellphone; he

20   was in fact in possession of that cellphone; when ordered by defendant Towle to exit their cell,

21   plaintiff's cellmate complied, but plaintiff did not, instead turning his back to defendants;

22   thereafter plaintiff put his hands into his crotch area and started to bend the cellphone and break it

23   with his hand and leg; and only after plaintiff had not complied with defendants' order and

24   instead turned his back on correctional staff and reached into his pants did defendant Towle

25   pepper-spray plaintiff.  (Doc. No. 52 at 4–5; *see also* Doc. No. 50.)  Given this undisputed

26   evidence, defendant Towle was justified as a matter of law in deploying pepper-spray on

27   plaintiff.  *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) ("[W]e hold that whenever prison

28   officials stand accused of using excessive physical force in violation of the Cruel and Unusual

Punishments Clause, the core judicial inquiry is . . . :  whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.); *see also White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990) ("White does not dispute that he refused to enter Shaw's cell and backed away from Sergeant Roper, moving down the cell block corridor. . .. [H]is actions created a need for Sergeant Roper and the deputies to apply reasonable force to control him."); *Lamon v. Adams*, No. 1:09-cv-00205-LJO-SM, 2015 WL 1636925, at *4 (E.D. Cal. Apr. 10, 2015) ("[A] short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey a jailer's order.").

Accordingly,

1.    The findings and recommendations issued on April 27, 2020 (Doc. No. 52) are adopted in full;

2.    Defendant's motion for summary judgment (Doc. No. 47) is granted;

3.    Defendant's earlier filed motion for summary judgment (Doc. No. 36) is denied as having been rendered moot by the issuance of this order;

4.    Judgment shall be entered in favor of defendants; and

5.    The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **June 11, 2020**      _____

UNITED STATES DISTRICT JUDGE